Mr. Charles L. Ormond Ormond Insurance Agency, Inc. 101 South Moose Street Morrilton, AR 72110
Dear Mr. Ormond:
This is in response to your request received by this office on October 29, 1991, for approval and certification of the following popular name and ballot title, pursuant to A.C.A. § 7-9-107:
 (Popular Name)
 LIMIT TERM IN OFFICE
 (Ballot Title)
 ESTABLISH A LIMIT IN TERM FOR OFFICE OF GOVERNOR TO 8 YEARS; AND OTHER STATE CONSTITUTIONAL OFFICERS, MEMBERS OF THE GENERAL ASSEMBLY TO 12 YEARS, AND PROVIDING LOCAL OPTION FOR LIMITING TERMS OF COUNTY AND MUNICIPAL OFFICERS TO 12 YEARS.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed constitutional amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot itile, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1)intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my opinion that the following popular name should be substituted for that submitted:
 (Popular Name) STATE OFFICE AND LOCAL OPTION TERM LIMITATION AMENDMENT
With regard to the ballot title, it is my opinion that the submitted title should be supplemented to give the elector a more complete understanding of the issues presented. The submitted ballot title is therefore disapproved and the following substituted:
 (Ballot Title)
 AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS STATING THAT NO PERSON SHALL HOLD THE OFFICE OF GOVERNOR FOR MORE THEN EIGHT (8) YEARS; THAT NO PERSON SHALL HOLD THE OFFICE OF LIEUTENANT GOVERNOR, SECRETARY OF STATE, TREASURER OF STATE, AUDITOR OF STATE, ATTORNEY GENERAL, OR COMMISSIONER OF STATE LANDS FOR MORE THAN TWELVE (12) YEARS; THAT NO PERSON SHALL BE A MEMBER OF THE GENERAL ASSEMBLY FOR MORE THAN TWELVE (12) YEARS, EXCEPT THAT STATE SENATORS ELECTED IN NOVEMBER OF 1992 FOR A FOUR (4)-YEAR TERM MAY COMPLETE THAT TERM COMMENCING JANUARY, 1993; PROVIDING THAT ANY PERSON WHO HAS BEEN ELECTED TO THE ARKANSAS SENATE FOR TEN (10) YEARS SHALL NOT BE CERTIFIED AS A CANDIDATE AND SHALL NOT BE ELIGIBLE TO HAVE HIS/HER NAME ON THE BALLOT FOR ELECTION TO A FOUR (4)-YEAR TERM; AUTHORIZING COUNTIES AND MUNICIPALITIES TO LIMIT THE TERM OF OFFICE OF ELECTED OFFICIALS TO TWELVE (12) YEARS BY INITIATIVE OR REFERENDUM POWERS; AND MAKING THE AMENDMENT EFFECTIVE ON JANUARY 1, 1995.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh